IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                           )<br>           Respondent/Plaintiff,       )<br>                                                           )<br>v.                                                        )<br>                                                           )<br>MICHAEL LYNN CASH,                   )<br>                                                           )<br>           Petitioner/Defendant.       ) | Case No. CV-19-126-RAW<br>          (CR-11-57-RAW) |

**ORDER**

Before the court is the motion of the petitioner to reconsider. On May 10, 2021, the court dismissed petitioner's motion pursuant to 28 U.S.C. §2255 as second or successive. (#271). Petitioner filed a notice of appeal (#277) but also filed the present motion.

Petitioner relies on Rule 59(e) F.R.Cv.P. A court may grant such a motion when (1) there has been a change in the law since the prior judgment was issued; (2) the movant presents new evidence that was previously unavailable; or (3) there is a need to correct a clear error or prevent manifest injustice. *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000). Petitioner relies upon the third ground. "Although the Tenth Circuit has not specifically defined 'manifest injustice' in the Rule 59(e) context, other courts have defined manifest injustice as more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Pickard v. United States,* 2021 WL 463371, *2 (D.Kan.2021).

The court is not persuaded petitioner has demonstrated either clear error or manifest injustice. The court reached its prior decision based upon statements made in previous Tenth

Circuit opinions regarding this very petitioner's sentencing. Petitioner may not use Rule 59(e) "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracelete,* 204 F.3d at 1012. To the extent petitioner has raised additional arguments, a Rule 59 motion that raises new substantive arguments in support of a §2255 motion "is itself a second §2255 motion." *United States v. Pedraza,* 466 F.3d 932, 934 (10th Cir.2006).

It is the order of the court that the motion of the petitioner to reconsider (#282) is hereby denied. To the extent petitioner's motion could be construed as a second §2255 motion, the motion is dismissed for lack of jurisdiction.

No certificate of appealability will issue because petitioner has not made a substantial showing of the denial of a constitutional right.

The clerk of the district court shall supplement the preliminary record on appeal. (*See* #287).

**ORDERED THIS 2nd DAY OF AUGUST, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**