IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-11-57-RAW |
| ) | |
| MICHAEL LYNN CASH, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the motion of the defendant for return of seized property. Defendant seeks the return of a firearm seized by the Durant Police Department on March 22, 2011, upon defendant's arrest. In response (#283), the government raises a jurisdictional objection as well as objections on the merits. Because jurisdiction is a threshold issue, the court will address that issue first.

Federal courts lack jurisdiction to order the return of property seized and held by a state or local law enforcement under Rule 41(g) F.R.Cr.P. unless the property is being held for a potential use as evidence in a federal prosecution. *See United States v. Copeman,* 458 F.3d 1070, 1071 (10th Cir.2006). The record presented by the government reflects that the firearm was seized and held by the Durant Police Department. Nevertheless, the firearm appears in the indictment and was used as evidence in the defendant's trial. The court declines to dismiss on jurisdictional grounds because the firearm was in the "constructive

possession" of the federal government. *See, e.g., United States v. Downs,* 22 Fed.Appx. 961, 963 (10th Cir.2001).

The government next asks for denial of the motion on grounds of untimeliness. Rule 41(g) motions are governed by 28 U.S.C. §2401(a). *United States v. Rodriguez-Aguirre,* 264 F.3d 1195, 1210 (10th Cir.2001). Therefore, a six-year statute of limitation is applicable. The accrual date (in a case such as this, where no forfeiture proceeding was instituted) is the date of the conclusion of criminal proceedings. *Id.* at 1213. The court agrees with the government's calculation that "the latest date in which Defendant could have [timely] filed this current motion was November 26, 2019. However, the motion was not filed until March 3, 2021." (#283 at 5). Thus, the motion is untimely.[*]

Finally, the Tenth Circuit holds generally that Rule 41(g) provides an equitable remedy to a movant only if he can show irreparable harm and an inadequate remedy at law. *United States v. Bacon,* 900 F.3d 1234, 1237 (10th Cir.2018). Movant has not shown irreparable harm and it appears that 22 O.S. §1321 provides an adequate remedy under Oklahoma law for return of property. *See also United States v. Copeman,* 458 F.3d 1070, 1073 (10th Cir.2006).

---

[*]As the government notes, there is also a serious question of standing. The motion indicates that the firearm belongs to defendant's father. One may not recover property belonging to a third party. *See United States v. Hamilton,* 2016 WL 4787279, *3 (N.D.Ga.2016).

It is the order of the court that the motion of the defendant (#270) is denied.

**ORDERED THIS 3rd DAY OF AUGUST, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**